UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                     Case No. 3:21-cr-83

vs.

PRESTON LEE FLETCHER,             District Judge Michael J. Newman

    Defendant.

_____

**ORDER DENYING DEFENDANT'S *PRO SE* MOTION FOR EARLY TERMINATION OF HIS SUPERVISED RELEASE (Doc. No. 4)**
_____

       This criminal case is before the Court on Defendant's *pro se* "petition for early release from federal probation." Doc. No. 4. Defendant previously pled guilty to, and was convicted of, one count of 18 U.S.C. § 2250(a), failure to register as a sex offender, in the United States District Court for the Northern District of Mississippi on July 7, 2017. Doc. No. 1 at PageID 3, 5. He was sentenced to thirty-five months of incarceration and five years of supervised release. Doc. No. 1-2 at PageID 4–5. His case was then transferred to this district and to the undersigned. See Doc. No. 1. In his present motion, Defendant points out that much has happened in his life since that conviction: he started working full-time; got married; had twins; and has another child on the way. Doc. No. 4 at PageID 20. Because of his improvement and adherence to the terms of his supervised release for the last two-and-a-half years, Defendant argues that his current supervision is unnecessary. *See id.*

       Liberally construing Defendant's petition, the Court finds that Defendant requests an early termination of his term of supervised release pursuant to 18 U.S.C. § 3583. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This statute permits the Court, "after considering the factors . . .

in [18 U.S.C. §§] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," to end supervised release after Defendant serves one year of their term of release, "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if [the Court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). This provision, "in the typical case, allows a conduct-based inquiry into the continued necessity for supervision after the individual has served one full year on supervised release." *United States v. Suber*, 75 F. App'x 442, 443–44 (6th Cir. 2003); *see also United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) ("Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior" (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997))). Thus, the inquiry is two-fold: "the early termination of supervised release [must be] warranted both by the individual's conduct and also by the interest of justice." *Suber*, 75 F. App'x at 444.

Defendant is eligible for early termination of supervised release because he has served over one year on supervised release. However, several § 3553(a) factors militate against early release. First, per § 3553(a)(2)(C), there is a great need to protect the public from Defendant's early release, as sex offender registration laws exist to prevent sex offenders from committing sex offenses surreptitiously without oversight. *See* 34 U.S.C. § 20901 (listing the names of children who were abducted, raped, and murdered as a reason for "establish[ing] a comprehensive national system for sex offender registration"). Second, adhering to the original term of supervised release would "afford adequate deterrence," 18 U.S.C. § 3553(a)(2)(B), because it signals that sex offenders must fully comply with registration requirements, as Congress intended. *See* 34 U.S.C. § 20901. Third, turning to Defendant's specific offense and his characteristics, *see* 18 U.S.C. § 3553(a)(1), he has

demonstrated a pattern of conduct—first having sex with a twelve-year-old girl; then failing to register as a sex offender for several years; and then ultimately reoffending by molesting another child. *See United States v. Fletcher*, No. 4:16-cr-132, Doc. No. 42 at PageID 165–67, 171–73 (N.D. Miss. May 14, 2018). Further supervision would minimize the potential that Defendant reoffends.

Finally, at the sentencing in the Northern District of Mississippi, the district court noted that Defendant's term of supervised release included mental health treatment, so he could work on his impulse control to prevent reoffending. *See id.* (sentencing transcript noting the district judge's concern with Defendant's repeat behavior, especially considering the Congressional purpose behind the sex offender registration statute). Based on these circumstances, requiring Defendant to serve the full term of supervised release is necessary to respect the sentencing judge's reasonable and very real concern with Defendant's repeat behavior and to give Defendant more time and opportunity to improve his impulse control—which the Court fully anticipates that he will, given his promising start.

Furthermore, Defendant's characteristics and his efforts to grow after his conviction do not justify early release. "[F]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005). Likewise, "productive employment, while laudable, does not justify the termination of supervision." *United States v. Olivieri*, 72 F. Supp. 3d 401, 403 (S.D.N.Y. 2014) (citing *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010)). While the Court commends Defendant for his worthwhile efforts to grow as a person and become a responsible father, these alone are not "exceptional[]" circumstances necessary to satisfy 18 U.S.C. § 3583(e)(1). *Atkin*, 38 F. App'x at 198; *see also,*

*e.g.*, *Suber*, 75 F. App'x at 444 (district court properly denied motion for early termination of supervised release where the defendant's offense characteristics and society's interest in deterrence were paramount considerations).

Accordingly, Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

Date:   December 12, 2022                               /s Michael J. Newman
                                                        Hon. Michael J. Newman
                                                        United States District Judge